FILED

2012 SE. 14 P 2: 11

RICHARD W. WIEKING
CLERK U.S. DISTRICT COURT
NORTHERN DISTRICT OF CALIFORNIA

1  JEFFREY A. TOPOR (SBN 195545)
   jtopor@snllp.com
2  R. TRAVIS CAMPBELL (SBN 271580)
   tcampbell@snllp.com
3  SIMMONDS & NARITA LLP
   44 Montgomery Street, Suite 3010
4  San Francisco, CA 94104-4816
   Telephone: (415) 283-1000
5  Facsimile:  (415) 352-2625

6  Attorneys for defendant          **E-filing**
   Citibank, N.A.
7

8              UNITED STATES DISTRICT COURT

9              NORTHERN DISTRICT OF CALIFORNIA          **LB**

10

11  MARIAVIDA LEWIS,                   )  CASE NO.2   **4 8 4 4**
                                       )
12                                     )
                                       )
13            Plaintiff,               )  **NOTICE OF REMOVAL**
                                       )
14      vs.                            )
                                       )
15                                     )
                                       )
16  CITIBANK, NATIONAL                 )
    ASSOCIATION, an FDIC insured       )
17  corporation and DOES 1 through 100 )
    inclusive,                         )
18                                     )
                                       )
19            Defendants.              )
                                       )
20  _____  )

21

22

23

24

25

26

27

28

LEWIS V. CITIBANK, N.A., ET AL. (CASE NO. )
NOTICE OF REMOVAL

TO THE CLERK OF THE ABOVE-ENTITLED COURT:

PLEASE TAKE NOTICE that defendant Citibank, N.A. ("Citibank") hereby remove to this Court the state court action described below.

1.     On August 13, 2012, a complaint was filed against Citibank by plaintiff Mariavida Lewis ("Plaintiff"), in an action pending in the Superior Court of the State of California in and for the County of San Francisco, entitled *Mariavida Lewis v. Citibank, N.A., et al.,* Case No. CGC12-523202. A copy of the state court Summons and Complaint, the Civil Case Cover Sheet, the Notice of Case Management Conference and other documents issued by the state court (collectively, "Complaint") is attached hereto as **Exhibit A**. Attached hereto as **Exhibit B** is a true and correct copy of the Answer to the Complaint that was filed in the state court on September 13, 2012.

2.     This removal petition is timely under 28 U.S.C. § 1446(b) because Defendant was first served with a copy of the Complaint on August 17, 2012.

## JURISDICTION

3.     This action is a civil action of which this Court has original jurisdiction under 28 U.S.C. § 1331 and that may be removed to this Court by Defendant pursuant to the provisions of 28 U.S.C. § 1441(b) in that the Complaint asserts federal claims against Defendant allegedly arising under, *inter alia*, the federal Fair Credit Reporting Act, 15 U.S.C. § 1681, *et seq. See* Exhibit A, Complaint at ¶¶ 1, 10, 19, 22-32.

4.     The Complaint was filed in the Superior Court of the State of California, County of San Francisco. Venue in this District Court is proper. *See* 28 U.S.C. § 1441(a) (providing for removal "to the district court of the United States for the district and division embracing the place" where the state court action is pending); 28 U.S.C. § 84(b) (The Northern District comprises the counties of, inter alia, San Francisco).

1    5.    Defendant is represented by the undersigned.

2

3    DATED: September 14, 2012          SIMMONDS & NARITA LLP
                                        JEFFREY A. TOPOR
4                                       R. TRAVIS CAMPBELL

5

6                                       By: _____
7                                           Jeffrey A. Topor
                                            Attorneys for defendant
8                                           Citibank, N.A.

9

10

11

12

13

14

15

16

17

18

19

20

21

22

23

24

25

26

27

28

# Exhibit A

**SUM-100**

## SUMMONS
### (CITACION JUDICIAL)

| | FOR COURT USE ONLY<br>(SOLO PARA USO DE LA CORTE) |
|---|---|

**NOTICE TO DEFENDANT:**
*(AVISO AL DEMANDADO):*

Citibank, National Association an FDIC insured corporation and DOES
1 through 100 inclusive

**YOU ARE BEING SUED BY PLAINTIFF:**
*(LO ESTÁ DEMANDANDO EL DEMANDANTE):*

Mariavida Lewis

**NOTICE!** You have been sued. The court may decide against you without your being heard unless you respond within 30 days. Read the information below.

   You have 30 CALENDAR DAYS after this summons and legal papers are served on you to file a written response at this court and have a copy served on the plaintiff. A letter or phone call will not protect you. Your written response must be in proper legal form if you want the court to hear your case. There may be a court form that you can use for your response. You can find these court forms and more information at the California Courts Online Self-Help Center (www.courtinfo.ca.gov/selfhelp), your county law library, or the courthouse nearest you. If you cannot pay the filing fee, ask the court clerk for a fee waiver form. If you do not file your response on time, you may lose the case by default, and your wages, money, and property may be taken without further warning from the court.

   There are other legal requirements. You may want to call an attorney right away. If you do not know an attorney, you may want to call an attorney referral service. If you cannot afford an attorney, you may be eligible for free legal services from a nonprofit legal services program. You can locate these nonprofit groups at the California Legal Services Web site (www.lawhelpcalifornia.org), the California Courts Online Self-Help Center (www.courtinfo.ca.gov/selfhelp), or by contacting your local court or county bar association. NOTE: The court has a statutory lien for waived fees and costs on any settlement or arbitration award of $10,000 or more in a civil case. The court's lien must be paid before the court will dismiss the case.

*¡AVISO! Lo han demandado. Si no responde dentro de 30 días, la corte puede decidir en su contra sin escuchar su versión. Lea la información a continuación.*

   *Tiene 30 DÍAS DE CALENDARIO después de que le entreguen esta citación y papeles legales para presentar una respuesta por escrito en esta corte y hacer que se entregue una copia al demandante. Una carta o una llamada telefónica no lo protegen. Su respuesta por escrito tiene que estar en formato legal correcto si desea que procesen su caso en la corte. Es posible que haya un formulario que usted pueda usar para su respuesta. Puede encontrar estos formularios de la corte y más información en el Centro de Ayuda de las Cortes de California (www.sucorte.ca.gov), en la biblioteca de leyes de su condado o en la corte que le quede más cerca. Si no puede pagar la cuota de presentación, pida al secretario de la corte que le dé un formulario de exención de pago de cuotas. Si no presenta su respuesta a tiempo, puede perder el caso por incumplimiento y la corte le podrá quitar su sueldo, dinero y bienes sin más advertencia.*

   *Hay otros requisitos legales. Es recomendable que llame a un abogado inmediatamente. Si no conoce a un abogado, puede llamar a un servicio de remisión a abogados. Si no puede pagar a un abogado, es posible que cumpla con los requisitos para obtener servicios legales gratuitos de un programa de servicios legales sin fines de lucro. Puede encontrar estos grupos sin fines de lucro en el sitio web de California Legal Services, (www.lawhelpcalifornia.org), en el Centro de Ayuda de las Cortes de California, (www.sucorte.ca.gov) o poniéndose en contacto con la corte o el colegio de abogados locales. AVISO: Por ley, la corte tiene derecho a reclamar las cuotas y los costos exentos por imponer un gravamen sobre cualquier recuperación de $10,000 ó más de valor recibida mediante un acuerdo o una concesión de arbitraje en un caso de derecho civil. Tiene que pagar el gravamen de la corte antes de que la corte pueda desechar el caso.*

The name and address of the court is:
*(El nombre y dirección de la corte es):* San Francisco

**CASE NUMBER:**
*(Número del Caso):* **C G C 1 2 - 5 2 3 2 0 2**

400 McAllister Street
San Francisco, CA 94102

The name, address, and telephone number of plaintiff's attorney, or plaintiff without an attorney, is:
*(El nombre, la dirección y el número de teléfono del abogado del demandante, o del demandante que no tiene abogado, es):*
Elliot Gale, 333 West San Carlos Street, Suite 1750 San Jose, CA 95110, 1-408-279-2288

DATE: August 13, 2012
*(Fecha)*

**CLERK OF THE COURT**
*(Secretario)*

DENNIS TOYAMA , Deputy
*(Adjunto)* — BY FAX

*(For proof of service of this summons, use Proof of Service of Summons (form POS-010).)*
*(Para prueba de entrega de esta citatión use el formulario Proof of Service of Summons, (POS-010)).*

**NOTICE TO THE PERSON SERVED:** You are served
[SEAL]
1. [ ] as an individual defendant.
2. [ ] as the person sued under the fictitious name of *(specify):*

3. [X] on behalf of *(specify):* Citibank, National Association, an FDIC insured corporation
   under: [X] CCP 416.10 (corporation)          [ ] CCP 416.60 (minor)
          [ ] CCP 416.20 (defunct corporation)  [ ] CCP 416.70 (conservatee)
          [ ] CCP 416.40 (association or partnership) [ ] CCP 416.90 (authorized person)
          [ ] other *(specify):*
4. [ ] by personal delivery on *(date):*

Page 1 of 1

Form Adopted for Mandatory Use
Judicial Council of California
SUM-100 [Rev. July 1, 2009]

**SUMMONS**

Code of Civil Procedure §§ 412.20, 465
www.courtinfo.ca.gov

CM-010

| ATTORNEY OR PARTY WITHOUT ATTORNEY (Name, State Bar number, and address): | FOR COURT USE ONLY |
|---|---|
| SCOTT J. SAGARIA (BAR # 217981)<br>ELLIOT W. GALE (#263326)<br>SAGARIA LAW, P.C.<br>333 West San Carlos Street, Suite 1750 San Jose, CA 95110<br>TELEPHONE NO: 408-279-2288    FAX NO: 408-279-2299<br>ATTORNEY FOR (Name): Mariavida Lewis | ENDORSED FILED<br>SUPERIOR COURT<br>COUNTY OF SAN FRANCISCO<br><br>AUG 13 2012<br><br>CLERK OF THE COURT<br>BY: _____ DENNIS TOYAMA<br>Deputy Clerk |

SUPERIOR COURT OF CALIFORNIA, COUNTY OF  San Francisco
STREET ADDRESS: 400 McAllister St.
MAILING ADDRESS:
CITY AND ZIP CODE: San Francisco, CA 94102
BRANCH NAME: Civil

CASE NAME:
Lewis v. Citibank, National Association

| CIVIL CASE COVER SHEET | | Complex Case Designation | | CASE NUMBER: C G C - 1 2 - 5 2 3 2 0 2 |
|---|---|---|---|---|
| [✓] Unlimited<br>(Amount<br>demanded<br>exceeds $25,000) | [ ] Limited<br>(Amount<br>demanded is<br>$25,000 or less) | [ ] Counter  [ ] Joinder<br>Filed with first appearance by defendant<br>(Cal. Rules of Court, rule 3.402) | | JUDGE:<br><br>DEPT: |

Items 1–6 below must be completed (see instructions on page 2).

1. Check one box below for the case type that best describes this case:

| Auto Tort | Contract | Provisionally Complex Civil Litigation |
|---|---|---|
| [ ] Auto (22) | [ ] Breach of contract/warranty (06) | (Cal. Rules of Court, rules 3.400–3.403) |
| [ ] Uninsured motorist (46) | [ ] Rule 3.740 collections (09) | [ ] Antitrust/Trade regulation (03) |
| Other PI/PD/WD (Personal Injury/Property | [ ] Other collections (09) | [ ] Construction defect (10) |
| Damage/Wrongful Death) Tort | [ ] Insurance coverage (18) | [ ] Mass tort (40) |
| [ ] Asbestos (04) | [ ] Other contract (37) | [ ] Securities litigation (28) |
| [ ] Product liability (24) | Real Property | [ ] Environmental/Toxic tort (30) |
| [ ] Medical malpractice (45) | [ ] Eminent domain/Inverse | [ ] Insurance coverage claims arising from the |
| [ ] Other PI/PD/WD (23) | condemnation (14) | above listed provisionally complex case |
| Non-PI/PD/WD (Other) Tort | [ ] Wrongful eviction (33) | types (41) |
| [✓] Business tort/unfair business practice (07) | [ ] Other real property (26) | Enforcement of Judgment |
| [ ] Civil rights (08) | Unlawful Detainer | [ ] Enforcement of judgment (20) |
| [ ] Defamation (13) | [ ] Commercial (31) | Miscellaneous Civil Complaint |
| [ ] Fraud (16) | [ ] Residential (32) | [ ] RICO (27) |
| [ ] Intellectual property (19) | [ ] Drugs (38) | [ ] Other complaint (not specified above) (42) |
| [ ] Professional negligence (25) | Judicial Review | Miscellaneous Civil Petition |
| [ ] Other non-PI/PD/WD tort (35) | [ ] Asset forfeiture (05) | [ ] Partnership and corporate governance (21) |
| Employment | [ ] Petition re: arbitration award (11) | [ ] Other petition (not specified above) (43) |
| [ ] Wrongful termination (36) | [ ] Writ of mandate (02) | |
| [ ] Other employment (15) | [ ] Other judicial review (39) | |

2. This case [ ] is  [✓] is not   complex under rule 3.400 of the California Rules of Court. If the case is complex, mark the factors requiring exceptional judicial management:
   a. [ ] Large number of separately represented parties        d. [ ] Large number of witnesses
   b. [ ] Extensive motion practice raising difficult or novel   e. [ ] Coordination with related actions pending in one or more courts
          issues that will be time-consuming to resolve                in other counties, states, or countries, or in a federal court
   c. [ ] Substantial amount of documentary evidence            f. [ ] Substantial postjudgment judicial supervision

3. Remedies sought (check all that apply): a. [✓] monetary  b. [✓] nonmonetary; declaratory or injunctive relief  c. [✓] punitive
4. Number of causes of action (specify): Three
5. This case [ ] is  [✓] is not   a class action suit.
6. If there are any known related cases, file and serve a notice of related case. (You may use form CM-015.)

Date: August 13, 2012
Elliot Gale
_____
(TYPE OR PRINT NAME)                                                    (SIGNATURE OF PARTY OR ATTORNEY FOR PARTY)

**BY FAX**

NOTICE
• Plaintiff must file this cover sheet with the first paper filed in the action or proceeding (except small claims cases or cases filed under the Probate Code, Family Code, or Welfare and Institutions Code). (Cal. Rules of Court, rule 3.220.) Failure to file may result in sanctions.
• File this cover sheet in addition to any cover sheet required by local court rule.
• If this case is complex under rule 3.400 et seq. of the California Rules of Court, you must serve a copy of this cover sheet on all other parties to the action or proceeding.
• Unless this is a collections case under rule 3.740 or a complex case, this cover sheet will be used for statistical purposes only.

Page 1 of 2

Form Adopted for Mandatory Use
Judicial Council of California
CM-010 [Rev. July 1, 2007]

CIVIL CASE COVER SHEET

Cal. Rules of Court, rules 2.30, 3.220, 3.400–3.403, 3.740;
Cal. Standards of Judicial Administration, std. 3.10
www.courtinfo.ca.gov

CM-010

## INSTRUCTIONS ON HOW TO COMPLETE THE COVER SHEET

**To Plaintiffs and Others Filing First Papers.**  If you are filing a first paper (for example, a complaint) in a civil case, you **must** complete and file, along with your first paper, the *Civil Case Cover Sheet* contained on page 1. This information will be used to compile statistics about the types and numbers of cases filed. You must complete items 1 through 6 on the sheet. In item 1, you must check one box for the case type that best describes the case. If the case fits both a general and a more specific type of case listed in item 1, check the more specific one. If the case has multiple causes of action, check the box that best indicates the primary cause of action. To assist you in completing the sheet, examples of the cases that belong under each case type in item 1 are provided below. A cover sheet must be filed only with your initial paper. Failure to file a cover sheet with the first paper filed in a civil case may subject a party, its counsel, or both to sanctions under rules 2.30 and 3.220 of the California Rules of Court.

**To Parties in Rule 3.740 Collections Cases.**  A "collections case" under rule 3.740 is defined as an action for recovery of money owed in a sum stated to be certain that is not more than $25,000, exclusive of interest and attorney's fees, arising from a transaction in which property, services, or money was acquired on credit. A collections case does not include an action seeking the following: (1) tort damages, (2) punitive damages, (3) recovery of real property, (4) recovery of personal property, or (5) a prejudgment writ of attachment. The identification of a case as a rule 3.740 collections case on this form means that it will be exempt from the general time-for-service requirements and case management rules, unless a defendant files a responsive pleading. A rule 3.740 collections case will be subject to the requirements for service and obtaining a judgment in rule 3.740.

**To Parties in Complex Cases.**  In complex cases only, parties must also use the *Civil Case Cover Sheet* to designate whether the case is complex. If a plaintiff believes the case is complex under rule 3.400 of the California Rules of Court, this must be indicated by completing the appropriate boxes in items 1 and 2. If a plaintiff designates a case as complex, the cover sheet must be served with the complaint on all parties to the action. A defendant may file and serve no later than the time of its first appearance a joinder in the plaintiff's designation, a counter-designation that the case is not complex, or, if the plaintiff has made no designation, a designation that the case is complex.

## CASE TYPES AND EXAMPLES

**Auto Tort**
Auto (22)—Personal Injury/Property
Damage/Wrongful Death
Uninsured Motorist (46) *(if the case involves an uninsured motorist claim subject to arbitration, check this item instead of Auto)*

**Other PI/PD/WD (Personal Injury/ Property Damage/Wrongful Death) Tort**
Asbestos (04)
Asbestos Property Damage
Asbestos Personal Injury/
Wrongful Death
Product Liability *(not asbestos or toxic/environmental)* (24)
Medical Malpractice (45)
Medical Malpractice–
Physicians & Surgeons
Other Professional Health Care
Malpractice
Other PI/PD/WD (23)
Premises Liability (e.g., slip
and fall)
Intentional Bodily Injury/PD/WD
(e.g., assault, vandalism)
Intentional Infliction of
Emotional Distress
Negligent Infliction of
Emotional Distress
Other PI/PD/WD

**Non-PI/PD/WD (Other) Tort**
Business Tort/Unfair Business
Practice (07)
Civil Rights (e.g., discrimination,
false arrest) *(not civil harassment)* (08)
Defamation (e.g., slander, libel)
(13)
Fraud (16)
Intellectual Property (19)
Professional Negligence (25)
Legal Malpractice
Other Professional Malpractice
*(not medical or legal)*
Other Non-PI/PD/WD Tort (35)

**Employment**
Wrongful Termination (36)
Other Employment (15)

**Contract**
Breach of Contract/Warranty (06)
Breach of Rental/Lease
Contract *(not unlawful detainer or wrongful eviction)*
Contract/Warranty Breach–Seller
Plaintiff *(not fraud or negligence)*
Negligent Breach of Contract/
Warranty
Other Breach of Contract/Warranty
Collections (e.g., money owed, open
book accounts) (09)
Collection Case–Seller Plaintiff
Other Promissory Note/Collections
Case
Insurance Coverage *(not provisionally complex)* (18)
Auto Subrogation
Other Coverage
Other Contract (37)
Contractual Fraud
Other Contract Dispute

**Real Property**
Eminent Domain/Inverse
Condemnation (14)
Wrongful Eviction (33)
Other Real Property (e.g., quiet title) (26)
Writ of Possession of Real Property
Mortgage Foreclosure
Quiet Title
Other Real Property *(not eminent domain, landlord/tenant, or foreclosure)*

**Unlawful Detainer**
Commercial (31)
Residential (32)
Drugs (38) *(if the case involves illegal drugs, check this item; otherwise, report as Commercial or Residential)*

**Judicial Review**
Asset Forfeiture (05)
Petition Re: Arbitration Award (11)
Writ of Mandate (02)
Writ–Administrative Mandamus
Writ–Mandamus on Limited Court
Case Matter
Writ–Other Limited Court Case
Review
Other Judicial Review (39)
Review of Health Officer Order
Notice of Appeal–Labor
Commissioner Appeals

**Provisionally Complex Civil Litigation (Cal. Rules of Court Rules 3.400–3.403)**
Antitrust/Trade Regulation (03)
Construction Defect (10)
Claims Involving Mass Tort (40)
Securities Litigation (28)
Environmental/Toxic Tort (30)
Insurance Coverage Claims
*(arising from provisionally complex case type listed above)* (41)

**Enforcement of Judgment**
Enforcement of Judgment (20)
Abstract of Judgment (Out of
County)
Confession of Judgment *(non-domestic relations)*
Sister State Judgment
Administrative Agency Award
*(not unpaid taxes)*
Petition/Certification of Entry of
Judgment on Unpaid Taxes
Other Enforcement of Judgment
Case

**Miscellaneous Civil Complaint**
RICO (27)
Other Complaint *(not specified above)* (42)
Declaratory Relief Only
Injunctive Relief Only *(non-harassment)*
Mechanics Lien
Other Commercial Complaint
Case *(non-tort/non-complex)*
Other Civil Complaint
*(non-tort/non-complex)*

**Miscellaneous Civil Petition**
Partnership and Corporate
Governance (21)
Other Petition *(not specified above)* (43)
Civil Harassment
Workplace Violence
Elder/Dependent Adult
Abuse
Election Contest
Petition for Name Change
Petition for Relief From Late
Claim
Other Civil Petition

**CIVIL CASE COVER SHEET**

1  SCOTT J. SAGARIA (BAR # 217981)
   SJSagaria@sagarialaw.com
2  ELLIOT W. GALE (BAR #263326)
   Egale@sagarialaw.com
3  SAGARIA LAW, P.C.
   333 West San Carlos Street, Suite 1750
4  San Jose, CA 95110
   408-279-2288 ph
5  408-279-2299 fax

6  Attorneys for Plaintiff

7

ENDORSED FILED
SUPERIOR COURT
COUNTY OF SAN FRANCISCO

AUG 1 3 2012

CLERK OF THE COURT
BY:_____ DENNIS TOYAMA
              Deputy Clerk

8          SUPERIOR COURT OF THE STATE OF CALIFORNIA

9               FOR THE COUNTY OF SAN FRANCISCO

10                  UNLIMITED JURISDICTION

11

12  CASE NO.:  C G C   1 2 - 5 2 3 2 0 2

13

14                                    COMPLAINT FOR DAMAGES:

15  MARIA VIDA LEWIS,                 1.  Violation of Fair Credit Reporting Act;
                                      2.  Violation of California Consumer Credit
16              Plaintiff,                Reporting Agencies Act;
                                      3.  Violation of California Unfair Business
17      v.                                Practices Act;

18
    CITIBANK, NATIONAL ASSOCIATION
19  an FDIC insured corporation and DOES 1
                                             BY FAX
20  through 100 inclusive,

21          Defendants.

22

23  COMES NOW Plaintiff MARIA VIDA LEWIS, an individual, based on information and belief,

24  to allege as follows:

25

26

27

28

COMPLAINT - 1

## INTRODUCTION

1. This action seeks redress for the unlawful and deceptive practices committed by the Defendants in connection with their inaccurate reporting of Plaintiff's discharged debt. In particular, Defendants' conduct involves inaccurately reporting Plaintiff's account as "charged off" to Experian instead of reporting Plaintiff's account as discharged in bankruptcy. Plaintiff seeks monetary and declaratory relief based on violations of Fair Credit Reporting Act, 15 U.S.C. 1681s-2 et. seq. and California Consumer Credit Reporting Act, California Civil Code §1785.1 et seq. Additional causes of actions are stated for violations of the California Business and Professions Code 17200.

## JURISDICTION AND VENUE

2. Plaintiff re-alleges and incorporates herein by this reference the allegations in each and every paragraph above, fully set forth herein.

3. Plaintiff, Mariavida Lewis (hereinafter "Plaintiff"), is an individual and currently resides in the county of San Francisco, California.

4. This venue is proper pursuant to California Code of Civil Procedure § 395.5.

5. This Court has jurisdiction over Plaintiff's allegations pursuant to California Code of Civil Procedure § 410.10 et seq.

6. Plaintiff is a natural person and competent adult who at all relevant times in this Complaint resided in the State of California.

7. Defendant, Citibank, National Association (hereinafter "Creditor") is located at 701 East 60th Street North, Sioux Falls, South Dakota 57104. Creditor collects debts on its own behalf throughout the county of San Francisco.

8. Plaintiff is unaware of the true names and capacities of Defendants DOES 1 through 100, inclusive. Plaintiff is informed and believes and thereon alleges that each fictitious Defendant was in some way responsible for the matters and things complained of herein, and in some fashion, has legal responsibility therefore. When the exact nature and identity of each fictitious Defendant's responsibility for the matters and things herein alleged are ascertained by Plaintiff, Plaintiff will seek to amend this Complaint

and all proceedings to set forth the same, pursuant to California Code of Civil Procedure 474.

9. Plaintiff is informed and believes, and thereon alleges, that at all times mentioned herein, each of Defendant is, and at all relevant times herein was, the agent, employee, and alter ego of each of the remaining Co-Defendants, and in committing the acts herein alleged, was acting in the scope of their authority as such agents, employees, or alter egos and with the permission and consent of the remaining Co-Defendants.

## PRE-LITIGATION CLAIM FILINGS

10. On or about April 29, 2011 Plaintiff sent Experian a written notice disputing Creditor's improper reporting of Plaintiff's account as "charged off" instead of discharged in bankruptcy. Pursuant to Section 1681i(a)(2) of the Fair Credit Reporting Act, Experian provided notice to Creditor of Plaintiff's dispute. After receiving notice of Plaintiff's allegations, Creditor verified the reporting of Plaintiff's account with Experian without removing the "charge off" notation.

## GENERAL ALLEGATIONS

11. Plaintiff re-alleges and incorporates herein by this reference the allegations in each and every paragraph above, as though fully set forth herein.

12. On March 5, 2010 Plaintiff filed a voluntary Chapter 7 bankruptcy petition in the United States Bankruptcy Court for the Northern District of California.

13. In the Schedules filed with the petition in this case and on the master mailing matrix filed with the Clerk of this Court, an unsecured debt was listed on Schedule F in favor of Creditor in the amount of $11,587.00 (hereinafter "Debt").

14. On June 22, 2010 Plaintiff was granted a discharge of all dischargeable debts pursuant to 11 U.S.C. § 727. Creditor was noticed by electronic transmission of Plaintiff's discharge on June 23, 2010. Since Plaintiff never re-affirmed Creditor's debt during bankruptcy, Plaintiff alleges that this Discharge included the debt to Creditor.

15. On April 28, 2011 Plaintiff pulled his Informative Research credit report, a compilation of reporting information from Experian, Transunion, and Equifax to ensure accurate

reporting. The report indicates that Creditor reported Plaintiff's account to Experian as "charged off" despite Plaintiff's bankruptcy discharge.

16. On or about April 29, 2011 Plaintiff sent a letter to Experian requesting a formal, full, and complete investigation of Creditor's account with Plaintiff. Specifically, Plaintiff disputed with Experian Creditor's inaccurate reporting of Plaintiff's account as "charged off" instead of discharged in bankruptcy.

17. On September 20, 2011 Plaintiff received his Experian credit report in order to verify that the inaccuracies on Plaintiff's credit report were corrected. After receiving notice of Plaintiff's dispute from Experian, Creditor re-reported to Experian that Plaintiff's account was "charged off" even though the bankruptcy discharge removed any obligation to pay Plaintiff's prepetition debt with Defendant. In addition, Creditor failed to report to Experian that Plaintiff disputed the account information.

18. To date, Creditor refuses to correct Plaintiff's credit report despite being noticed of the original bankruptcy and re-noticed of its inaccurate reporting from Experian.

19. The actions of Creditor as alleged herein are acts in violation of the Fair Credit Reporting Act, 15 U.S.C. § 1681s-2(b).

20. The actions of Creditors as alleged herein are acts in violation of the consumer credit reporting agencies act California Civil Code § 1785.25(a).

21. The actions of Creditors as alleged herein are acts in violation of the California Business and Professions Code § 17200.

**FIRST CAUSE OF ACTION**
(Violation Of Fair Credit Reporting Act
15 U.S.C. § 1681s-2(b))
(Against Defendant Creditor and Does 1-100)

22. Plaintiff re-alleges and incorporates herein by this reference the allegations in each and every paragraph above, as though fully set forth herein.

23. Creditor, in the course of regular business, reports information to credit reporting agencies.

COMPLAINT - 4

24. Plaintiff promptly disputed Creditor's inaccurate reporting with Experian. Experian sent notice of Plaintiff's dispute to Creditor pursuant to Section 1681i(a)(2) of the Fair Credit Reporting Act. Creditor was thereafter under a duty to reasonably investigate Plaintiffs dispute pursuant to section 15 U.S.C. 1681s-2(b).

25. Plaintiff is informed that Creditor's investigation was unreasonable because Creditor failed to discover that Plaintiff's account should have been reported as discharged in bankruptcy instead of "charged off". Plaintiff alleges that Creditor inaccurately reported the correct status of Plaintiff's account because as a result of the discharge order, Plaintiff was no longer legally obligated to pay the prepetition debt owed to Creditor.

26. Plaintiff is informed that Creditor's investigation was unreasonable because Creditor failed to discover by reporting Plaintiff's account as "charged off" post bankruptcy without indicating the account was discharged, Creditor mislead other potential creditors by indicating Creditor "charged off" the account at the time of bankruptcy when Creditor had not done so.

27. Plaintiff is informed that Creditor separately violated 1681s-2(b) by failing to report to Experian that the account information was in dispute after receiving notice of Plaintiff's dispute from Experian.

28. Creditor should have discovered the inaccuracies on Plaintiff's credit report through its investigation and should have modified, deleted, or blocked said information pursuant to15 U.S.C. § 1681s-2(b)(1)(E).

29. Creditor's failure to correct the previously disclosed inaccuracies on Plaintiff's credit report was intentional and in reckless disregard of its duty to refrain from reporting inaccurate information. Consequently, creditor willfully and negligently failed to comply with its duty to investigate Plaintiff's dispute under 15 U.S.C. 1681(n) & (o).

30. As a direct and proximate result of Creditor's willful and untrue communications, Plaintiff has suffered actual damages including but not limited to reviewing credit reports from all three consumer reporting agencies, traveling to and from Plaintiff's counsel's office, sending demand letters, and such further expenses in an amount to be determined at trial.

31. As a further direct and proximate result of Creditor acts state herein, Plaintiff incurred pain and suffering, was impeded in seeking necessary products and services from vendors, additional credit from other credit agencies, suffered humiliation, embarrassment, anxiety, loss of sleep, emotional distress, and defamation of character.

32. Wherefore, Plaintiff prays for judgment as hereinafter set forth.

## SECOND CAUSE OF ACTION
(Violation Of Consumer Credit Reporting Agencies Act
California Civil Code § 1785.25(a))
(Against Defendants Creditor and Does 1-100)

33. Plaintiff re-alleges and incorporates herein by this reference the allegations in each and every paragraph above, as though fully set forth herein.

34. Creditor, in the ordinary course of business, regularly and on a routine basis furnishes information to one or more consumer credit reporting agencies.

35. Creditor intentionally and knowingly reported inaccurate and false information regarding delinquencies in payment after Plaintiff received a discharge in bankruptcy to credit reporting agencies and date of discharge in violation of California Civil Code § 1785.25(a).

36. Creditor should have discovered through investigation that the reported information of Plaintiff's account is inaccurate.

37. Creditor failed to notify consumer reporting agencies that the information Defendant provided such agencies, was inaccurate before the end of 30 business days, in violation of California Civil Code § 1785.25(a).

38. Creditor failed to correct inaccurate information provided to the agencies as described hereinabove in violation of California Civil Code § 1785.25(a).

39. Creditor's communications of false information, and repeated failures to investigate, and correct their inaccurate information and erroneous reporting were done knowingly, intentionally, and in reckless disregard for their duties and Plaintiff's rights.

40. As a direct and proximate result of Creditors willful and untrue communications, Plaintiff has suffered actual damages including but not limited to reviewing credit reports from all three consumer reporting agencies, traveling to and from Plaintiff's counsel's office, sending demand letters, and such further expenses in an amount to be determined at trial.

41. As a further direct and proximate result of Creditor acts state herein, Plaintiff incurred pain and suffering, was impeded in seeking necessary products and services from vendors, additional credit from other credit agencies, suffered humiliation, embarrassment, anxiety, loss of sleep, emotional distress, and defamation of character.

42. Wherefore, Plaintiff prays for judgment as hereinafter set forth.

### THIRD CAUSE OF ACTION
(Unfair Business Practices Act
California Business and Professions Code § 17200)
(Against Defendant Creditor and Does 1-100)

58. Plaintiff re-alleges and incorporates herein by this reference the allegations in each and every paragraph above, as though fully set forth herein.

59. Plaintiff brings this action in individual capacity and on behalf of the general public.

60. Creditor at all times relevant to this Complaint, was engaged in the business of collections and providing services on credit to qualified applicants.

61. Commencing on or about January 18, 2011 and continuing to the present, Creditor committed the acts of unlawful practices as defined by Business and Professions Code § 17200 and described in the above stated Causes of Action.

62. Creditor's acts and practices described above were unlawful under the California Civil Code § 1785.25(a) and therefore constitute unlawful practices within the meaning of Business and Professions Code § 17200.

63. These unlawful business practices of Creditor are likely to continue and therefore will continue to injure Plaintiff by inaccurate record keeping, failure to correct inaccuracies

1    and erroneous dissemination of inaccurate information, and present a continuing threat

2    to the public.

3    65. Wherefore, Plaintiff prays for judgment as hereinafter set forth.

4

### PRAYER FOR RELIEF

5    WHEREFORE, Plaintiff prays for judgment as follows:

6       a. For preliminary and permanent injunctive relief to stop Defendants from

7          engaging in the conduct described above;

8       b. Award $10,000 in statutory and actual damages pursuant to 15 U.S.C. § 1681n

9          and California Civil Code § 1785.31;

10      c. Award punitive damages in order to deter further unlawful conduct pursuant to

11         15 U.S.C. § 1681n; and California Civil Code § 1785.31

12      d. Award $2,500 in civil penalties pursuant to California Business & Professions

13         Code § 17206;

14      e. Award attorney's fees and costs of suit incurred herein pursuant to 15 U.S.C. §

15         1681n & o; California Civil Code § 1785.31;

16      f. For determination by the Court that Creditor's policies and practices are

17         unlawful and in willful violation of 15 U.S.C. § 1681n, et seq.; and California

18         Business and Professions Code § 17200, et seq.;

19      g. For determination by the Court that Creditor's policies and practices are

20         unlawful and in negligent violation of 15 U.S.C. § 1681o

21

### DEMAND FOR JURY TRIAL

22   Plaintiff hereby demands trial of this matter by jury.

23

24

25                                          **SAGARIA LAW, P.C.**

26

27   Dated: August 13, 2012              By:    ⟍⟍⟍⟍

28                                              Elliot Gale, Esq.
                                                Attorneys for Plaintiff

COMPLAINT - 8

CASE NUMBER: CGC-12-523202 MARIAVIDA LEWIS VS. CITIBANK et al

## NOTICE TO PLAINTIFF

A Case Management Conference is set for:

**DATE:** JAN-16-2013

**TIME:** 10:30AM

**PLACE:** Department 610
400 McAllister Street
San Francisco, CA 94102-3680

All parties must appear and comply with Local Rule 3.

CRC 3.725 requires the filing and service of a case management statement form CM-110 no later than 15 days before the case management conference.

However, it would facilitate the issuance of a case management order **without an appearance** at the case management conference if the case management statement is filed, served and lodged in Department 610 twenty-five (25) days before the case management

Plaintiff must serve a copy of this notice upon each party to this action with the summons and complaint. Proof of service subsequently filed with this court shall so state.

### ALTERNATIVE DISPUTE RESOLUTION POLICY REQUIREMENTS

IT IS THE POLICY OF THE SUPERIOR COURT THAT EVERY CIVIL CASE PARTICIPATE IN EITHER MEDIATION, JUDICIAL OR NON-JUDICIAL ARBITRATION, THE EARLY SETTLEMENT PROGRAM OR SOME SUITABLE FORM OF ALTERNATIVE DISPUTE RESOLUTION PRIOR TO A TRIAL.
(SEE LOCAL RULE 4)

Plaintiff must serve a copy of the Alternative Dispute Resolution Information Package on each defendant along with the complaint. All counsel must discuss ADR with clients and opposing counsel and provide clients with a copy of the Alternative Dispute Resolution Information Package prior to filing the Case Management Statement.

[DEFENDANTS: Attending the Case Management Conference does not take the place of filing a written response to the complaint. You must file a written response with the court within the time limit required by law. See Summons.]

Superior Court Alternative Dispute Resolution Coordinator
400 McAllister Street, Room 103
San Francisco, CA 94102
(415) 551-3876

See Local Rules 3.3, 6.0 C and 10 B re stipulation to judge pro tem.



# Superior Court of California, County of San Francisco
## Alternative Dispute Resolution
## Program Information Package



> The plaintiff must serve a copy of the ADR information package
> on each defendant along with the complaint. (CRC 3.221(c))

## WHAT IS ADR?
Alternative Dispute Resolution (ADR) is the term used to describe the various options available for settling a dispute without a trial. There are many different ADR processes, the most common forms of which are mediation, arbitration and settlement conferences. In ADR, trained, impartial people decide disputes or help parties decide disputes themselves. They can help parties resolve disputes without having to go to court.

## WHY CHOOSE ADR?
"It is the policy of the Superior Court that every noncriminal, nonjuvenile case participate either in an early settlement conference, mediation, arbitration, early neutral evaluation or some other alternative dispute resolution process prior to trial." (Local Rule 4)

ADR can have a number of advantages over traditional litigation:
- **ADR can save time.** A dispute often can be resolved in a matter of months, even weeks, through ADR, while a lawsuit can take years.
- **ADR can save money,** including court costs, attorney fees, and expert fees.
- **ADR encourages participation.** The parties may have more opportunities to tell their story than in court and may have more control over the outcome of the case.
- **ADR is more satisfying.** For all the above reasons, many people participating in ADR have reported a high degree of satisfaction.

## HOW DO I PARTICIPATE IN ADR?
Litigants may elect to participate in ADR at any point in a case. General civil cases may voluntarily enter into the court's ADR programs by any of the following means:
- Filing a Stipulation to ADR: Complete and file the Stipulation form (attached to this packet) at the clerk's office located at 400 McAllister Street, Room 103;
- Indicating your ADR preference on the Case Management Statement (also attached to this packet); or
- Contacting the court's ADR office (see below) or the Bar Association of San Francisco's ADR Services at 415-982-1600 or www.sfbar.org/adr for more information.

**For more information about ADR programs or dispute resolution alternatives, contact:**

Superior Court Alternative Dispute Resolution
400 McAllister Street, Room 103, San Francisco, CA 94102
415-551-3876

*Or, visit the court ADR website at www.sfsuperiorcourt.org*

The San Francisco Superior Court currently offers three ADR programs for general civil matters; each program is described below:

## 1) EARLY SETTLEMENT CONFERENCES

The goal of early settlement is to provide participants an opportunity to reach a mutually acceptable settlement that resolves all or part of a dispute.

**(A) THE BAR ASSOCIATION OF SAN FRANCISCO (BASF) EARLY SETTLEMENT PROGRAM (ESP):** This program, provided in conjunction with the court, pairs parties with a two-member volunteer attorney panel. The panels are comprised of one plaintiff and one defense attorney, each with at least 10 years of trial experience. On occasion, a panelist with extensive experience in both plaintiff and defense roles serves as a sole panelist.

**Operation:** The settlement conference typically occurs 2 to 3 months prior to the trial date. BASF informs the participants of the conference date well in advance and provides the names of the panelists and location of the conference approximately 2 weeks prior to the conference. Panelists provide at **no cost** up to 2 hours of their time at each conference, and many panelists provide additional time at no cost if a settlement is imminent. A conference typically begins with a brief meeting with all parties and their attorneys during which each side presents an initial statement. The panelists then assist the parties in understanding and candidly discussing the strengths and weaknesses of their cases, utilizing private meetings as appropriate. If a case does not settle during the first two hours, parties have the option to hire the panelists to continue the conference.

**Cost:** BASF charges an administrative fee of $250 per party. For information on fees for cases involving multiple parties, please contact BASF. Parties who meet certain eligibility requirements may request a waiver of the fee. For more information, please contact BASF's ESP Coordinator at 415-782-9000 ext. 8717 or visit www.sfbar.org/esp.

**(B) COURT SETTLEMENT CONFERENCE:** Parties may elect to apply to the Presiding Judge's department for a specially-set mandatory settlement conference. See Local Rule 5.0 for further instructions. Upon approval of the Presiding Judge, the court will schedule the conference and assign the case for a settlement conference.

## 2) MEDIATION

Mediation is a voluntary, flexible, and confidential process in which a neutral third party facilitates negotiations. The goal of mediation is to reach a mutually satisfactory agreement, before incurring the expense of going to court, that resolves all or part of a dispute after exploring the interests, needs, and priorities of the parties in light of relevant evidence and the law. A mediator strives to bring the parties to a mutually beneficial settlement of the dispute.

**(A) MEDIATION SERVICES OF THE BAR ASSOCIATION OF SAN FRANCISCO,** in cooperation with the Superior Court, is designed to help civil litigants resolve disputes before they incur substantial costs in litigation. While it is best to utilize the program at the outset of litigation, parties may use the program at any time while a case is pending.

**Operation:** A mediator provides at **no cost** one hour of preparation time and two hours of mediation time. After those three hours, if the case is not resolved, parties have the option to continue the process and pay the mediator at his or her regular hourly rate. BASF pre-screens all mediators based upon strict educational and experience requirements. Parties may select a specific mediator or BASF will help the parties make a selection. The BASF website contains photographs, biographies, and videos of the mediators as well as testimonials to assist with the selection process.

**Cost:** BASF charges an administrative fee of $250 per party. For information on fees for cases involving multiple parties, please contact BASF. The hourly mediator fee beyond the first three hours will vary depending on the mediator selected. Parties who meet certain eligibility requirements may request a waiver of the fee. For more information, please contact BASF's Mediation Coordinator at 415-782-9000 ext. 8787 or visit www.sfbar.org/mediation.

**(B) PRIVATE MEDIATION:** Although not currently a part of the court's ADR program, civil disputes may also be resolved through private mediation. Parties may elect any private mediator or mediation organization of their choice; the selection and coordination of private mediation is the responsibility of the parties. Parties may find mediators and organizations on the Internet. The cost of private mediation will very depending on the mediator selected.

## 3) ARBITRATION

An arbitrator is neutral attorney who presides at a hearing where the parties present evidence through exhibits and testimony. The arbitrator applies the law to the facts of the case and makes an award based upon the merits of the case.

**(A) JUDICIAL ARBITRATION:** When the court orders a case to arbitration it is called "judicial arbitration". The goal of arbitration is to provide parties with an adjudication that is earlier, faster, less formal, and usually less expensive than a trial.

**Operation:** Pursuant to CCP 1141.11 and Local Rule 4, all civil actions in which the amount in controversy is $50,000 or less, and no party seeks equitable relief, shall be ordered to arbitration. (Upon stipulation of all parties, other civil matters may be submitted to judicial arbitration.) A case is ordered to arbitration after the Case Management Conference. An arbitrator is chosen from the court's Arbitration Panel. Arbitrations are generally held between 7 and 9 months after a complaint has been filed. Judicial arbitration is not binding unless all parties agree to be bound by the arbitrator's decision. Any party may request a trial within 30 days after the arbitrator's award has been filed.

Local Rule 4.2 allows for mediation in lieu of judicial arbitration, so long as the parties file a stipulation to mediate after the filing of a complaint. If settlement is not reached through mediation, a case proceeds to trial as scheduled.

**Cost:** There is no cost to the parties for judicial arbitration.

**(B) PRIVATE ARBITRATION:** Although not currently a part of the court's ADR program, civil disputes may also be resolved through private arbitration. Here, the parties voluntarily consent to arbitration. If all parties agree, private arbitration may be binding and the parties give up the right to judicial review of the arbitrator's decision. In private arbitration, the parties select a private arbitrator and are responsible for paying the arbitrator's fees.

| ATTORNEY OR PARTY WITHOUT ATTORNEY *(Name and address)* | FOR COURT USE ONLY |
|---|---|
| TELEPHONE NO.: | |
| ATTORNEY FOR *(Name):* | |
| SUPERIOR COURT OF CALIFORNIA, COUNTY OF SAN FRANCISCO<br>400 McAllister Street<br>San Francisco, CA 94102-4514 | |
| PLAINTIFF/PETITIONER: | |
| DEFENDANT/RESPONDENT: | |

| | CASE NUMBER: |
|---|---|
| **STIPULATION TO ALTERNATIVE DISPUTE RESOLUTION (ADR)** | DEPARTMENT 610 |

1) **The parties hereby stipulate that this action shall be submitted to the following ADR process:**

☐ **Early Settlement Program of the Bar Association of San Francisco (BASF)** - Pre-screened experienced attorneys provide a minimum of 2 hours of settlement conference time for a BASF administrative fee of $250 per party. Waivers are available to those who qualify. BASF handles notification to all parties, conflict checks with the panelists, and full case management. www.sfbar.org/esp

☐ **Mediation Services of BASF** - Experienced professional mediators, screened and approved, provide one hour of preparation and the first two hours of mediation time for a BASF administrative fee of $250 per party. Mediation time beyond that is charged at the mediator's hourly rate. Waivers of the administrative fee are available to those who qualify. BASF assists parties with mediator selection, conflicts checks and full case management. www.sfbar.org/mediation

☐ **Private Mediation** - Mediators and ADR provider organizations charge by the hour or by the day, current market rates. ADR organizations may also charge an administrative fee. Parties may find experienced mediators and organizations on the Internet.

☐ **Judicial Arbitration** - Non-binding arbitration is available to cases in which the amount in controversy is $50,000 or less and no equitable relief is sought. The court appoints a pre-screened arbitrator who will issue an award. There is no fee for this program. www.sfsuperiorcourt.org

☐ **Other ADR process (describe)** _____

2) **The parties agree that the ADR Process shall be completed by (date):** _____

3) **Plaintiff(s) and Defendant(s) further agree as follows:**

_____

_____

| | |
|---|---|
| _____<br>Name of Party Stipulating | _____<br>Name of Party Stipulating |
| _____<br>Name of Party or Attorney Executing Stipulation | _____<br>Name of Party or Attorney Executing Stipulation |
| _____<br>Signature of Party or Attorney | _____<br>Signature of Party or Attorney |
| ☐ Plaintiff ☐ Defendant ☐ Cross-defendant | ☐ Plaintiff ☐ Defendant ☐ Cross-defendant |
| Dated: _____ | Dated: _____ |

☐ *Additional signature(s) attached*

ADR-2 07/12       **STIPULATION TO ALTERNATIVE DISPUTE RESOLUTION**

CM-110

| ATTORNEY OR PARTY WITHOUT ATTORNEY *(Name, State Bar number, and address):* | FOR COURT USE ONLY |
|---|---|
| TELEPHONE NO.:  FAX NO. *(Optional):*<br>E-MAIL ADDRESS *(Optional):*<br>ATTORNEY FOR *(Name):* | |

| SUPERIOR COURT OF CALIFORNIA, COUNTY OF |
|---|
| STREET ADDRESS: |
| MAILING ADDRESS: |
| CITY AND ZIP CODE: |
| BRANCH NAME: |

| PLAINTIFF/PETITIONER: | |
|---|---|
| DEFENDANT/RESPONDENT: | |

| **CASE MANAGEMENT STATEMENT** | CASE NUMBER: |
|---|---|
| *(Check one):*  ☐ **UNLIMITED CASE**  ☐ **LIMITED CASE**<br>(Amount demanded  (Amount demanded is $25,000<br>exceeds $25,000)  or less) | |

| A CASE MANAGEMENT CONFERENCE is scheduled as follows: |
|---|
| Date:  Time:  Dept.:  Div.:  Room: |
| Address of court *(if different from the address above):* |
| ☐ Notice of Intent to Appear by Telephone, by *(name):* |

INSTRUCTIONS: All applicable boxes must be checked, and the specified information must be provided.

1. **Party or parties** *(answer one):*
   a. ☐ This statement is submitted by party *(name):*
   b. ☐ This statement is submitted jointly by parties *(names):*

2. **Complaint and cross-complaint** *(to be answered by plaintiffs and cross-complainants only)*
   a. The complaint was filed on *(date):*
   b. ☐ The cross-complaint, if any, was filed on *(date):*

3. **Service** *(to be answered by plaintiffs and cross-complainants only)*
   a. ☐ All parties named in the complaint and cross-complaint have been served, have appeared, or have been dismissed.
   b. ☐ The following parties named in the complaint or cross-complaint
      (1) ☐ have not been served *(specify names and explain why not):*

      (2) ☐ have been served but have not appeared and have not been dismissed *(specify names):*

      (3) ☐ have had a default entered against them *(specify names):*

   c. ☐ The following additional parties may be added *(specify names, nature of involvement in case, and date by which they may be served):*

4. **Description of case**
   a. Type of case in ☐ complaint  ☐ cross-complaint  *(Describe, including causes of action):*

| Form Adopted for Mandatory Use<br>Judicial Council of California<br>CM-110 [Rev. July 1, 2011] | **CASE MANAGEMENT STATEMENT** | Cal. Rules of Court,<br>rules 3.720–3.730<br>www.courts.ca.gov |
|---|---|---|

CM-110

| | CASE NUMBER: |
|---|---|
| PLAINTIFF/PETITIONER: | |
| DEFENDANT/RESPONDENT: | |

4. b. Provide a brief statement of the case, including any damages. *(If personal injury damages are sought, specify the injury and damages claimed, including medical expenses to date [indicate source and amount], estimated future medical expenses, lost earnings to date, and estimated future lost earnings. If equitable relief is sought, describe the nature of the relief.)*

☐ *(If more space is needed, check this box and attach a page designated as Attachment 4b.)*

5. **Jury or nonjury trial**
The party or parties request ☐ a jury trial ☐ a nonjury trial. *(If more than one party, provide the name of each party requesting a jury trial):*

6. **Trial date**
a. ☐ The trial has been set for *(date):*
b. ☐ No trial date has been set. This case will be ready for trial within 12 months of the date of the filing of the complaint *(if not, explain):*

c. Dates on which parties or attorneys will not be available for trial *(specify dates and explain reasons for unavailability):*

7. **Estimated length of trial**
The party or parties estimate that the trial will take *(check one):*
a. ☐ days *(specify number):*
b. ☐ hours (short causes) *(specify):*

8. **Trial representation** *(to be answered for each party)*
The party or parties will be represented at trial ☐ by the attorney or party listed in the caption ☐ by the following:
a. Attorney:
b. Firm:
c. Address:
d. Telephone number:                          f.  Fax number:
e. E-mail address:                             g.  Party represented:
☐ Additional representation is described in Attachment 8.

9. **Preference**
☐ This case is entitled to preference *(specify code section):*

10. **Alternative dispute resolution (ADR)**
a. **ADR information package.** Please note that different ADR processes are available in different courts and communities; read the ADR information package provided by the court under rule 3.221 for information about the processes available through the court and community programs in this case.

(1) For parties represented by counsel: Counsel ☐ has ☐ has not  provided the ADR information package identified in rule 3.221 to the client and reviewed ADR options with the client.

(2) For self-represented parties: Party ☐ has ☐ has not  reviewed the ADR information package identified in rule 3.221.

b. **Referral to judicial arbitration or civil action mediation (if available).**
(1) ☐ This matter is subject to mandatory judicial arbitration under Code of Civil Procedure section 1141.11 or to civil action mediation under Code of Civil Procedure section 1775.3 because the amount in controversy does not exceed the statutory limit.

(2) ☐ Plaintiff elects to refer this case to judicial arbitration and agrees to limit recovery to the amount specified in Code of Civil Procedure section 1141.11.

(3) ☐ This case is exempt from judicial arbitration under rule 3.811 of the California Rules of Court or from civil action mediation under Code of Civil Procedure section 1775 et seq. *(specify exemption):*

**CASE MANAGEMENT STATEMENT**

| PLAINTIFF/PETITIONER: | CASE NUMBER: |
|---|---|
| DEFENDANT/RESPONDENT: | |

10. c. Indicate the ADR process or processes that the party or parties are willing to participate in, have agreed to participate in, or have already participated in *(check all that apply and provide the specified information)*:

| | The party or parties completing this form are willing to participate in the following ADR processes *(check all that apply)*: | If the party or parties completing this form in the case **have agreed to** participate in or have already completed an ADR process or processes, indicate the status of the processes *(attach a copy of the parties' ADR stipulation)*: |
|---|---|---|
| **(1) Mediation** | ☐ | ☐ Mediation session not yet scheduled <br> ☐ Mediation session scheduled for *(date)*: <br> ☐ Agreed to complete mediation by *(date)*: <br> ☐ Mediation completed on *(date)*: |
| **(2) Settlement conference** | ☐ | ☐ Settlement conference not yet scheduled <br> ☐ Settlement conference scheduled for *(date)*: <br> ☐ Agreed to complete settlement conference by *(date)*: <br> ☐ Settlement conference completed on *(date)*: |
| **(3) Neutral evaluation** | ☐ | ☐ Neutral evaluation not yet scheduled <br> ☐ Neutral evaluation scheduled for *(date)*: <br> ☐ Agreed to complete neutral evaluation by *(date)*: <br> ☐ Neutral evaluation completed on *(date)*: |
| **(4) Nonbinding judicial arbitration** | ☐ | ☐ Judicial arbitration not yet scheduled <br> ☐ Judicial arbitration scheduled for *(date)*: <br> ☐ Agreed to complete judicial arbitration by *(date)*: <br> ☐ Judicial arbitration completed on *(date)*: |
| **(5) Binding private arbitration** | ☐ | ☐ Private arbitration not yet scheduled <br> ☐ Private arbitration scheduled for *(date)*: <br> ☐ Agreed to complete private arbitration by *(date)*: <br> ☐ Private arbitration completed on *(date)*: |
| **(6) Other *(specify)*:** | ☐ | ☐ ADR session not yet scheduled <br> ☐ ADR session scheduled for *(date)*: <br> ☐ Agreed to complete ADR session by *(date)*: <br> ☐ ADR completed on *(date)*: |

CM-110

| PLAINTIFF/PETITIONER: | CASE NUMBER: |
|---|---|
| DEFENDANT/RESPONDENT: | |

**11. Insurance**
   a. ☐ Insurance carrier, if any, for party filing this statement *(name):*
   b. Reservation of rights: ☐ Yes ☐ No
   c. ☐ Coverage issues will significantly affect resolution of this case *(explain):*

**12. Jurisdiction**
   Indicate any matters that may affect the court's jurisdiction or processing of this case and describe the status.
   ☐ Bankruptcy ☐ Other *(specify):*
   Status:

**13. Related cases, consolidation, and coordination**
   a. ☐ There are companion, underlying, or related cases.
      (1) Name of case:
      (2) Name of court:
      (3) Case number:
      (4) Status:
      ☐ Additional cases are described in Attachment 13a.
   b. ☐ A motion to ☐ consolidate ☐ coordinate will be filed by *(name party):*

**14. Bifurcation**
   ☐ The party or parties intend to file a motion for an order bifurcating, severing, or coordinating the following issues or causes of action *(specify moving party, type of motion, and reasons):*

**15. Other motions**
   ☐ The party or parties expect to file the following motions before trial *(specify moving party, type of motion, and issues):*

**16. Discovery**
   a. ☐ The party or parties have completed all discovery.
   b. ☐ The following discovery will be completed by the date specified *(describe all anticipated discovery):*

| Party | Description | Date |
|---|---|---|

   c. ☐ The following discovery issues, including issues regarding the discovery of electronically stored information, are anticipated *(specify):*

CM-110

| PLAINTIFF/PETITIONER: | CASE NUMBER: |
|---|---|
| DEFENDANT/RESPONDENT: | |

**17. Economic litigation**

a. ☐ This is a limited civil case (i.e., the amount demanded is $25,000 or less) and the economic litigation procedures in Code of Civil Procedure sections 90-98 will apply to this case.

b. ☐ This is a limited civil case and a motion to withdraw the case from the economic litigation procedures or for additional discovery will be filed *(if checked, explain specifically why economic litigation procedures relating to discovery or trial should not apply to this case):*

**18. Other issues**

☐ The party or parties request that the following additional matters be considered or determined at the case management conference *(specify):*

**19. Meet and confer**

a. ☐ The party or parties have met and conferred with all parties on all subjects required by rule 3.724 of the California Rules of Court *(if not, explain):*

b. After meeting and conferring as required by rule 3.724 of the California Rules of Court, the parties agree on the following *(specify):*

**20. Total number of pages attached *(if any):*** _____

I am completely familiar with this case and will be fully prepared to discuss the status of discovery and alternative dispute resolution, as well as other issues raised by this statement, and will possess the authority to enter into stipulations on these issues at the time of the case management conference, including the written authority of the party where required.

Date:

▸
_____          _____
(TYPE OR PRINT NAME)                           (SIGNATURE OF PARTY OR ATTORNEY)

▸
_____          _____
(TYPE OR PRINT NAME)                           (SIGNATURE OF PARTY OR ATTORNEY)

☐ Additional signatures are attached.

# MEDIATION SERV

## MEDIATION SERVICES

## TESTIMONIALS

"This was the third attempt to mediate this case, and the BASF mediator was far and away the best mediator. I dare try that we would not have settled today but for his efforts."

**George Yuhas, Esq.**
Orrick, Herrington & Sutcliffe LLP

"We had an excellent experience and, after 8½ hours of mediation, [the BASF mediator] settled a very difficult case involving claims against four clients of ours by a wealthy investor who claimed inadequate disclosure was made."

**Robert Charles Friese, Esq.**
Shartsis Friese LLP

"When the other side made their offer, I thought there was no way we would reach an agreement – we were too far apart, but the mediator brought us together. He saved me a lot of time and aggravation by facilitating a settlement. Thanks!"

**Leslie Caplan**
Global Warming Campaign Manager
Bluewater Network

"BASF staff was very helpful – stayed on the task and kept after a hard to reach party. The mediator was great!"

**Mark Abelson, Esq.**
Compagnoli, Abelson & Compagnoli

"The [BASF] mediator was excellent! He was effective with some strong, forceful personalities."

**Denise A. Leadbetter, Esq.**
Zacks, Utrecht & Leadbetter



## WHAT IS BASF'S MEDIATION SERVICE?

The Bar Association of San Francisco's Mediation Services is a private mediation service which will assist you with almost any type of dispute, from simple contract disputes to complex commercial matters.

## WHO ARE THE MEDIATORS?

They are established mediators who have private mediation practices and have met our extensive experience requirements. By going through BASF you receive the services of these highly qualified mediators at a great value.

## HOW DO I LEARN MORE ABOUT THE MEDIATORS?

BASF's website (www.sfbar.org/mediation) provides bios, photos and hourly rates of mediators. You can search by name or by area of law needed for your case. BASF staff is also always available to assist you with selection or to answer questions.

## HOW MUCH DOES THE SERVICE COST?

A $250 per party administrative fee is paid to BASF at the time the Consent to Mediate form is filed. This fee covers the first hour of mediator preparation time and the first two hours of session time. Time beyond that is paid at the mediator's normal hourly rate.

## HOW IS THE MEDIATOR CHOSEN?

You may request a specific mediator from our website (www.sfbar.org/mediation) and indicate your choice on the BASF Consent to Mediate form, or you may indicate on the form that you would like BASF staff to assist with the selection.

## WHY SHOULD I GO THROUGH BASF? CAN'T I JUST CALL THE MEDIATOR DIRECTLY?

BASF mediators have agreed to provide three free hours as a service to BASF. If you go directly to one of our mediators, you do not qualify for the free hours unless you notify us. Once you have filed with us, you will talk directly to the mediator to ask questions and to set a convenient mediation date and time.

## HOW LONG IS THE MEDIATION SESSION?

The time spent in mediation will vary depending on your dispute. BASF mediators are dedicated to reaching a settlement, whether you need a few hours or several days.

## WHO CAN USE THE SERVICE?

BASF mediation can be utilized by anyone and is NOT limited to San Francisco residents or issues. Also, the service may be used before a court action is filed or at any time during a court action.

## OUR CASE IS FILED IN COURT; HOW DO WE USE BASF'S MEDIATION SERVICES?

When you file the San Francisco Superior Court's Stipulation to ADR form, check the box indicating "Mediation Services of BASF." Then complete BASF's Consent to Mediate form found on our website and file it with us. (If the matter was filed in a different county, please check with that court for the appropriate process.)

## WE ARE ON A DEADLINE; HOW QUICKLY CAN WE MEDIATE?

Once all parties have filed all the paperwork, BASF can normally have you in touch with the mediator within a day or two. If there is a deadline, BASF staff will give the matter top priority.

## WHAT TYPES OF DISPUTES CAN I MEDIATE?

BASF mediators are trained in 30+ areas of law. If you don't see the area you need on our website or in this brochure, contact us; it is very likely we can match your need with one of our panelists.

## MORE INFORMATION

Visit our website (www.sfbar.org/mediation) where you can search by name or by area of law. For personal assistance, please call 415-982-1600.

# Exhibit B

1  JEFFREY A. TOPOR (SBN 195545)
   jtopor@snllp.com
2  R. TRAVIS CAMPBELL (SBN 271580)
   tcampbell@snllp.com
3  SIMMONDS & NARITA LLP
   44 Montgomery Street, Suite 3010
4  San Francisco, CA 94104-4816
   Telephone: (415) 283-1000
5  Facsimile:  (415) 352-2625

6  Attorneys for defendant
7  Citibank, N.A.

8

ENDORSED
FILED
Superior Court of California
County of San Francisco

SEP 1 3 2012

CLERK OF THE COURT
BY: MARY ANN MORAN
Deputy Clerk

9              SUPERIOR COURT OF CALIFORNIA

10               COUNTY OF SAN FRANCISCO

11

12

13  MARIAVIDA LEWIS,

14              Plaintiff,

15         vs.

16  CITIBANK, NATIONAL
    ASSOCIATION, an FDIC insured
17  corporation and DOES 1 through 100
    inclusive,
18

19              Defendants.

20  _____

|  |  |
|---|---|
| CASE NO.: CGC12-523202 | |
| **ANSWER TO UNVERIFIED COMPLAINT BY CITIBANK, N.A.** | |
| BY FAX | |

21

22

23

24

25

26

27

28

1       Defendant CITIBANK, N.A. ("Defendant") hereby submits the following

2   Answer to the unverified Complaint filed in this action by plaintiff MARIAVIDA

3   LEWIS ("Plaintiff"):

4

5   **GENERAL DENIAL**

6       Pursuant to California Code of Civil Procedure § 431.30, Defendant generally

7   denies each and every allegation in the Complaint and each purported cause of action

8   therein.

9

10   **AFFIRMATIVE DEFENSES**

11       As and for separate affirmative defenses to the Complaint, Defendant alleges

12   as follows:

13

14   **FIRST AFFIRMATIVE DEFENSE**

15   **(Failure to State a Claim)**

16       The allegations of the Complaint fail to state a claim against Defendant upon

17   which relief can be granted.

18

19   **SECOND AFFIRMATIVE DEFENSE**

20   **(Statute of Limitations/Laches)**

21       The purported claims set forth in the Complaint are barred in whole or in part

22   by the applicable statutes of limitation and/or the equitable doctrine of laches.

23

24   **THIRD AFFIRMATIVE DEFENSE**

25   **(Arbitration)**

26       Plaintiff's claims are subject to arbitration pursuant to a binding arbitration

27   agreement contained in the terms and conditions governing the credit card account

28   that is the subject of this action, which agreement may be elected by either party

1 prior to trial or judgment.  Defendant reserves its right to compel arbitration of

2 Plaintiff's claims.

3

4 **FOURTH AFFIRMATIVE DEFENSE**

5 **(Unclean Hands)**

6 The allegations in the Complaint and relief requested are, on information and

7 belief, barred in whole or in part by the doctrine of unclean hands.

8

9 **FIFTH AFFIRMATIVE DEFENSE**

10 **(No Wilful Conduct)**

11 Defendant acted in good faith at all times in its dealings with Plaintiff, and if

12 any conduct by Defendant is found to be unlawful, which Defendant expressly

13 denies, such conduct was not willful and should not give rise to liability.

14

15 **SIXTH AFFIRMATIVE DEFENSE**

16 **(Failure to Mitigate)**

17 Plaintiff, although under a legal obligation to do so, has failed to take

18 reasonable steps to mitigate any alleged damages that she may have and is therefore

19 barred from recovering damages, if any, from Defendant.

20

21 **SEVENTH AFFIRMATIVE DEFENSE**

22 **(Waiver)**

23 Plaintiff has waived her rights, if any, to recover the relief she seeks in the

24 Complaint based upon her own conduct and admissions with respect to the financial

25 obligation at issue.

26 //

27 //

28 //

## EIGHTH AFFIRMATIVE DEFENSE
### (Good Faith)

Defendant has, at all material times with respect to Plaintiff, acted in good faith in an effort to comply fully with all relevant federal and state laws.

## NINTH AFFIRMATIVE DEFENSE
### (Apportionment)

Without admitting that any damages exist, if damages were suffered by Plaintiff as alleged in the Complaint, those damages were proximately caused by and contributed by persons other than Defendant.  The liability, if any exists, of all defendants and/or any responsible parties, named or unnamed, should be apportioned according to their relative degrees of fault, and the liability of this Defendant should be reduced accordingly.

## TENTH AFFIRMATIVE DEFENSE
### (Supervening Cause)

The causes of action in the Complaint are barred, in whole or in part, to the extent that any injury or loss sustained was caused by intervening or supervening events over which Defendant had or has no control.

## ELEVENTH AFFIRMATIVE DEFENSE
### (Equitable Indemnity)

To the extent that Plaintiff has suffered any damage as a result of any alleged act or omission of Defendant, which Defendant denies, Defendant is entitled to equitable indemnity according to comparative fault from other persons and/or entities causing or contributing to such damages, if any.

//
//

## TWELFTH AFFIRMATIVE DEFENSE

### (Failure To Comply With Conditions Precedent)

Plaintiff's claims are barred in whole or in part by her failure to comply with a condition precedent to the relief she seeks.

## THIRTEENTH AFFIRMATIVE DEFENSE

### (First Amendment)

Defendant's conduct is protected under the First Amendment of the United States Constitution and the California Constitution. Plaintiff's proposed interpretation of the Fair Credit Reporting Act, California Consumer Credit Reporting Agencies Act, and California Unfair Business Practices Act must be rejected as it would place an unreasonable restraint upon Defendant's First Amendment rights, thereby raising serious constitutional issues.

## FOURTEENTH AFFIRMATIVE DEFENSE

### (Standing)

Plaintiff has not suffered any injury in fact as a result of Defendant's alleged conduct and therefore lacks standing to sue.

## FIFTEENTH AFFIRMATIVE DEFENSE

### (Preemption)

Plaintiff's claims under state law are barred in whole or in part by the doctrine of preemption.

## SIXTEENTH AFFIRMATIVE DEFENSE

### (Privilege)

Plaintiff's claims fail, in whole or in part, because Defendant's conduct, as alleged in the Complaint, was subject to a complete or qualified privilege.

1    WHEREFORE, Defendant requests judgment as follows:

2    1.  That Plaintiff takes nothing by the Complaint, which should be dismissed

3   with prejudice.

4    2.  That Defendant recover from Plaintiff its costs according to proof.

5    3.  That Defendant recover its attorneys' fees according to proof.

6    4.  That the Court orders such other further reasonable relief as the Court may

7   deem just and proper.

8

9   DATED: September 12, 2012            SIMMONDS & NARITA LLP
                                         JEFFREY A. TOPOR
10                                       R. TRAVIS CAMPBELL

11

12                                 By:   _____
                                         Jeffrey A. Topor
13                                       Attorneys for defendant
                                         Citibank, N.A.

14

15

16

17

18

19

20

21

22

23

24

25

26

27

28

1

**PROOF OF SERVICE**

2

3

I, the undersigned, declare:

4

I am employed in the City and County of San Francisco, California. I am over the age of eighteen years and not a party to this action. My business address is 44 Montgomery Street, Suite 3010, San Francisco, California 94104-4816.

5

6

7

I am readily familiar with the business practices of my employer, Simmonds & Narita LLP, for the collection and processing of correspondence by mailing with the United States Postal Service and that said correspondence is deposited with the United States Postal Service that same day in the ordinary course of business.

8

9

10

11

On this date, I served a copy of the following document:

12

13

1) **ANSWER TO UNVERIFIED COMPLAINT BY CITIBANK, N.A.**

14

15

by causing such document to be placed in a sealed envelope for collection and delivery by the United States Postal Service to the addressee indicated below:

16

**VIA U.S. MAIL**

17

18

Scott J. Sagaria
Elliot W. Gale

19

Sagaria Law, P.C.

20

333 West San Carlos Street, Suite 1750
San Jose, CA 95110

21

Counsel for Plaintiff

22

23

I declare under penalty of perjury under the laws of the State of California that the foregoing is true and correct. Executed at San Francisco, California on this 13th day of September, 2012.

24

25

26

_____

27

Sally Koo

28